

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.

CHRISTIAN M. ALLMENDINGER     Criminal No. 3:10cr248-01

ADLEY H. ABDULWAHAB     Criminal No. 3:10cr248-02

## MEMORANDUM OPINION

For the reasons set forth below, the MOTION TO DISMISS COUNTS ONE AND EIGHT OF THE INDICTMENT AND TO SEVER (Docket No. 55), the MOTION TO STRIKE ALLEGATIONS THAT POST-DATE HIS WITHDRAWAL FROM THE ALLEGED CONSPIRACIES (Docket No. 57), and the MOTION FOR BILL OF PARTICULARS (Docket No. 63), all filed by Defendant Christian M. Allmendinger, will be DENIED.

## BACKGROUND

In his MOTION TO DISMISS COUNTS ONE AND EIGHT OF THE INDICTMENT AND TO SEVER (Docket No. 55), Allmendinger argues that Counts One (Conspiracy to Commit Mail Fraud) and Eight (Conspiracy to Commit Money Laundering) both impermissibly allege two separate conspiracies in one count. The first alleged conspiracy in each count, according to Allmendinger, occurred before August 2007 and involved him and Messrs. Abdulwahab and Oncale, and its alleged purpose was to defraud

investors through the A&O Capital Management (A&O) investment entity. The second alleged conspiracy, according to Allmendinger, began in August 2007 when, in an attempt to defraud Allmendinger, Messrs. Adbulwahab and Oncale, along with two new participants, Messrs. White and Mackert, sold A&O to a sham entity which, unbeknownst to Allmendinger, was controlled by Abdulwahab. Allmendinger argues that, whereas the Superseding Indictment (SI) alleges that he perpetrated the "first" conspiracy, it also alleges that he was victim to the "second," thus evidencing two distinct conspiracies and necessitating dismissal of conspiracy Counts One and Eight.

Allmendinger argues in his MOTION TO STRIKE ALLEGATIONS THAT POST-DATE HIS WITHDRAWAL FROM THE ALLEGED CONSPIRACIES (Docket No. 57) that, even in the event that the Court finds that Counts One and Eight do not impermissibly allege two separate conspiracies in the same count, the Court should strike all allegations against him in the SI that post-date August 2007. Allmendinger arrives at this conclusion because he claims that his sale of his interest in A&O constituted withdrawal from the alleged conspiracy as a matter of law.

Finally, in his MOTION FOR BILL OF PARTICULARS (Docket No. 63), Allmendinger argues that he is entitled to some thirteen categories of information either vaguely referred to or wholly absent from the SI. The United States having asserted at the

motions hearing that it either has provided or will provide all the requested information to counsel, except for the overt acts of un-indicted coconspirators not specified in the SI, the only issue to resolve is whether Allmendinger is entitled to a bill of particulars setting forth the unspecified overt acts of un-indicted coconspirators.

## DISCUSSION

### A. MOTION TO DISMISS COUNTS ONE AND EIGHT OF THE INDICTMENT AND TO SEVER (Docket No. 55)

It is unquestioned that an indictment cannot charge two conspiracies in a single count. Kotteakos v. United States, 328 U.S. 750 (1946). To constitute one conspiracy, there must have been "one overall agreement," United States v. Bloch, 696 F.2d 1213, 1215 (9th Cir. 1982), to pursue a single objective. The determination rests on whether there is an "overlap of key actors, methods, and goals." United States v. Leavis, 853 F.2d 215 (4th Cir. 1988).

The narrow issue to be decided at this early stage is what the indictment charges as a matter of law. If the indictment, as drawn, would permit the government to prove a set of facts that would support a finding of one conspiracy, the indictment is proper and the decision as to how many conspiracies existed is for the jury. United States v. Urbanik, 801 F.2d 692, 695-96 (4th Cir. 1986). "It is of course elementary that one may be a

3

member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence." United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993).

Allmendinger's MOTION TO DISMISS COUNTS ONE AND EIGHT OF THE INDICTMENT AND TO SEVER (Docket No. 55) is not well founded. Counts One and Eight do not allege two distinct conspiracies. The language in the SI permits the government to prove facts supporting the existence of a single, overarching conspiracy, the purpose of which was to defraud investors, from November 2004 to January 2008. Paragraph 55 of the SI sets forth the conspiracy's singular, continuous purpose: "to mislead investors regarding A&O's safekeeping and use of investor funds and the risks of A&O's investment offerings, in order to obtain investor funds so that the conspirators could personally profit." SI ¶ 55. Contrary to Allmendinder's claim, it is immaterial to the existence of the charged conspiracy that, in August 2007, he sold his interest in A&O to an entity which, unbeknownst to him, Abdulwahab controlled. Apart from the August 2007 sale, the SI's allegations make evident that the overarching conspiracy—defrauding investors—continued unabated until at least January 2008.[1] Although Allmendinger is not alleged to have actively

---

[1] The introductory language in the SI alleges that the conspiracy continued until February 1, 2011, the date on which the SI was

4

participated in the conspiracy after August 2007, according to the SI, Abdulwahab and other uncharged individuals perpetuated the conspiracy by continuing to lie to investors and regulatory authorities. SI ¶¶ 65-66. This allegedly was done with Allmendinger's knowledge, and the purchase price for his stock was to be paid for out of the proceeds of the allegedly fraudulent operation of A&O by the purchasers. That Allmendinger was the "victim" of Abdulwahab and others when he sold his interest in A&O to a sham entity controlled by Abdulwahab does not terminate the alleged overarching conspiracy dating to November 2004. At best, it merely establishes the existence of a separate conspiracy to defraud Allmendinger that is not charged in the SI. The bottom line is that, without regard to what Allmendinger knew or did not know in August 2007 when he sold his interest in A&O, the charged conspiracy, which began in 2004, the alleged purpose of which was to defraud investors for the personal benefit of those affiliated with A&O and its successors, continued until at least January 2008. For the foregoing reasons, Counts One and Eight do not impermissibly charge two separate conspiracies in the same count.

---

returned. However, the substantive provisions raise conduct only into 2008. The significance of that peculiar pleading is the subject of other briefing.

5

B.  **MOTION TO STRIKE ALLEGATIONS THAT POST-DATE HIS WITHDRAWAL FROM THE ALLEGED CONSPIRACIES (Docket No. 57)**

This motion is predicated upon the theory that the SI alleges that Allmendinger withdrew from the conspiracy when he sold his interest in A&O in August 2007. United States v. Walker, 796 F.2d 43 (4th Cir. 1986), succinctly states the law on a defendant's withdrawal from an alleged conspiracy:

> Once a conspiracy is established . . . it is presumed to continue unless or until the defendant shows that it was terminated or he withdrew from it. Hyde v. United States, 225 U.S. 347, 369-70, 32 (1912). A mere cessation of activity in furtherance of the conspiracy is insufficient. United States v. Goldberg, 401 F.2d 644, 648 (2d Cir. 1968), cert. denied, 393 U.S. 1099 (1969). The defendant must show affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach his coconspirators. United States v. United States Gypsum Co., 438 U.S. 422, 464-65 (1978). . . .

796 F.2d at 49. O'Malley's Federal Jury Practice and Instructions provides further guidance on the concept of withdrawal. According to that respected text, "In order to withdraw from the conspiracy [a defendant] must take some definite, decisive, and affirmative action to disavow [himself] from the conspiracy or to defeat the goal or purpose of the conspiracy." 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31.11 (5th ed. 2000). That text continues,

> In deciding if [a defendant] took a step to disavow or defeat the conspiracy, [a jury] may consider several factors including whether [the defendant] intentionally alerted law enforcement to the conspiracy, whether [the defendant] told others in the conspiracy that [his] participation had ended, whether [the defendant] took steps to correct prior assistance to the group, and whether [the defendant] attempted to remedy any past act or attempted to prevent any further progress of the conspiracy.

The facts alleged in the SI pertaining to Allmendinger's sale of his interest in A&O do not constitute withdrawal as a matter of law. First, the SI also makes allegations from which a reasonable person could conclude that Allmendinger sold his interest in A&O to further, rather than disavow, the conspiracy. For example, the SI alleges that "In or about August 2007, <u>motivated, in part, by their desire to avoid increasing regulatory scrutiny of the individual involvement in the A & O investment offerings</u>, ALLMENDINGER [and others] decided to sell A&O." SI ¶ 33 (emphasis added). Second, and even if the SI did not allege facts from which a reasonable person could conclude that Allmendinger acted in furtherance of the conspiracy when selling his interest in A&O, the allegations describing the August 2007 sale do not show, as a matter of law, that Allmendinger took affirmative acts inconsistent with the conspiracy's aims. At best, the SI shows that Allmendinger cashed out his portion of the fraud's profits and ceased

actively participating in the conspiracy. Though by no means exhaustive, O'Malley's list of factors that a jury may consider in deciding whether a defendant has withdrawn from a conspiracy instructs that selling one's interest in a conspiracy, without more, does not equate to an affirmative act inconsistent with a conspiracy's objective that proves withdrawal as a matter of law. Whether Allmendinger withdrew from the alleged conspiracy is a question for a jury to decide because the SI does not allege facts establishing, beyond refutation, that Allmendinger rejected the conspiracy's alleged purpose of defrauding investors.

C. **MOTION FOR BILL OF PARTICULARS (Docket No. 63)**

Under Fed. R. Crim. P. 7(f), a bill of particulars may be ordered in certain circumstances. The purpose of a bill of particulars is threefold: (1) to inform a defendant of the charges against him with sufficient specificity to enable him to prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable a defendant to plead acquittal or conviction in bar of another prosecution for the same offense. See United States v. Butler, 885 F.2d 195, 199 (4th Cir. 1989); see also 24 Moore's Federal Practice, § 607.07[1] (Matthew Bender 3d ed.).

Allmendinger's MOTION FOR BILL OF PARTICULARS (Docket No. 63) seeks particularization respecting thirteen topics, all but

one of which the United States says it has provided or will provide. The remaining item on which the bill is sought is the identification of the overt acts committed by un-indicted coconspirators. That aspect of the motion is without merit because requiring the United States to state in a bill of particulars all the overt acts of un-indicted coconspirators not specified in the SI goes beyond the limited, enumerated purposes for which it is proper to require particularization. The Court is aware of no precedent requiring the United States to divulge such comprehensive and detailed information in conspiracy cases, and Allmendinger points to none in his papers. Moreover, the weight of authority not only counsels that bills of particulars are generally inappropriate, but it also counsels that bills of particulars are generally unfounded when, as here, a defendant seeks wide-ranging disclosure of overt acts. See United States v. Carroll, 510 F.2d 507, 509 (2d Cir. 1975) ("There is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge."); United States v. Musick, 291 F. Appx. 706, *16 (6th Cir. Aug. 29, 2008) (A defendant is not entitled to a bill of particulars if the purpose of the bill is . . . to discover all of the overt acts that might be proven at trial."). In short, a bill of particulars is appropriate when a defendant seeks essential information pertaining to the charges brought

against him, not an all-encompassing, painstakingly intricate view of those charges, as Allmendinger maintains.

Moreover, the conspiracies at issue do not require the commission of an overt act as an element of the crime. Hence, for that additional reason, it would be improper to require particularization of overt acts committed by un-indicted conspirators.

## CONCLUSION

For the reasons set forth above, Defendant Allmendinger's MOTION TO DISMISS COUNTS ONE AND EIGHT OF THE INDICTMENT AND TO SEVER (Docket No. 55), MOTION TO STRIKE ALLEGATIONS THAT POST-DATE HIS WITHDRAWAL FROM THE ALLEGED CONSPIRACIES (Docket No. 57), and MOTION FOR BILL OF PARTICULARS (Docket No. 63) will be DENIED.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 7, 2011