# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Richmond Division

FILED NOV - 9 2011 CLERK, U.S. DISTRICT COURT RICHMOND, VA

UNITED STATES OF AMERICA
V.

CHRISTIAN M. ALLMENDINGER
a/k/a Christian Michael Allmendinger (True Name)
Defendant.

Case Number: 3:10CR00248-01

USM Number: 77365-279

Defendant's Attorney:
Barry J. Pollack, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts 1,2,3,8,9,11, and 15, of the Superseding Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. Sec. 1349 | Conspiracy to Commit Mail Fraud | Felony | 02/01/11 | 1 |
| 18 U.S.C. Secs. 1341 & 2 | Mail Fraud, & Aid & Abet | Felony | 06/21/06 | 2 |
| 18 U.S.C. Secs. 1341 & 2 | Mail Fraud, & Aid & Abet | Felony | 06/22/07 | 3 |

(Continued on Page 1A)

On motion of the United States, the Court has dismissed the Indictment.

The defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

09/27/2011
Date of Imposition of Judgment

/s/ REP
Robert E. Payne
Senior United States District Judge

November 9, 2011
Date

Criminal Case Number: 3:10CR00248-01, United States of America v. Christian M. Allmendinger

Page 1A : The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. Sec. 1956 (h) | Money Laundering Conspiracy | Felony | 02/01/11 | 8 |
| 18 U.S.C. Secs. 1956(a)(1)(A)(i) & 2 | Money Laundering, & Aid & Abet | Felony | 11/28/06 | 9 |
| 18 U.S.C. Secs. 1956(a)(1)(A)(i) & 2 | Money Laundering, & Aid & Abet | Felony | 07/02/07 | 11 |
| 15 U.S.C. Secs. 77q(a) & 77x | Securities Fraud, & Aid & Abet | | 06/22/07 | 15 |

| | |
|---|---|
| **Case Number:** | 3:10CR00248-01 |
| **Defendant's Name:** | CHRISTIAN M. ALLMENDINGER |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: FIVE HUNDRED FORTY (540) MONTHS. This term consists of EIGHTY (80) MONTHS on each of Counts 1,2,3,8,9, and 11 and SIXTY (60) MONTHS on Count 15, all to run consecutively to each other.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case Number: 3:10CR00248-01
Defendant's Name: CHRISTIAN M. ALLMENDINGER

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS. This term consists of THREE (3) YEARS on each of Counts 1,2,3,8,9, 11 and 15, all to run concurrent with each other.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.
    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
    The defendant shall not commit another federal, state or local crime.
    The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.
    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
    If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4 of 6
Sheet 3A - Supervised Release

Case Number:　　　3:10CR00248-01
Defendant's Name:　　CHRISTIAN M. ALLMENDINGER

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the probation officer.

2) The defendant shall provide the probation officer with access to requested financial information.

3) As reflected in the presentence report, the defendant presents a low risk of future substance abuse and therefore, the Court hereby suspends the mandatory condition for substance abuse testing as defined by 18 U.S.C. 3563 (a)(5). However, this does not preclude the United States Probation Office from administering drug tests as they deem appropriate.

4) The defendant shall pay the balance owed on any court-ordered financial obligations in monthly installments of not less than FIVE HUNDRED AND NO/100 ($500.00) DOLLARS, or TWENTY-FIVE (25) PERCENT of his gross income, whichever is greater, beginning SIXTY (60) DAYS after his term of Supervised Release begins if the defendant is ever released from imprisonment.

5) As directed by the probation officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligations.

6) The defendant is prohibited from obtaining employment in any aspect of the insurance, banking, financial, or any similar occupation.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Page 5 of 6

| Case Number: | 3:10CR00248-01 |
|---|---|
| Defendant's Name: | CHRISTIAN M. ALLMENDINGER |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One | $100.00 | $0.00 | $101,963,048.05 |
| Two | $100.00 | $0.00 | $0.00 |
| Three | $100.00 | $0.00 | $0.00 |
| Eight | $100.00 | $0.00 | $0.00 |
| Nine | $100.00 | $0.00 | $0.00 |
| Eleven | $100.00 | $0.00 | $0.00 |
| Fifteen | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$700.00** | **$0.00** | **$101,963,048.05** |

No fines have been imposed in this case.

### RESTITUTION

The Restitution Order entered in Criminal Case Number 3:10CR00248-01, United States of America v. Christian M. Allmendinger, including Attachment A which lists the victims' names and respective loss amounts, is incorporated in this Judgment by reference.

### FORFEITURE

The Order of Forfeiture entered in Criminal Case Number 3:10CR00248-01, United States of America v. Christian M. Allmendinger is incorporated in this Judgment by reference.

| Defendant's Name: | CHRISTIAN M. ALLMENDINGER |
|---|---|
| Case Number: | 3:10CR00248-01 |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Lump sum payment of $101,963,748.05 due immediately, balance due in accordance with below:

Payment in equal monthly installments of $500.00 over a period of years, or 25% of his gross income, whichever is greater, to commence 60 days after release from imprisonment to a term of supervision.

The special assessment shall be due in full immediately.

The restitution shall be paid during the period of supervised released.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.