

FILED
MAR 21 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

### Richmond Division

UNITED STATES OF AMERICA

v.                                      Criminal No. 3:10CR248-01

CHRISTIAN M. ALLMENDINGER,

   Defendant.

### MEMORANDUM OPINION

This matter is before the Court on the GOVERNMENT'S MOTION TO DISMISS THE ANCILLARY CLAIM OF DIANA DALBERG ("Dalberg"). (Docket No. 410). For the reasons stated herein, the GOVERNMENT'S MOTION TO DISMISS THE ANCILLARY CLAIM OF DIANA DALBERG is granted.

### BACKGROUND

On September 28, 2011, the Court entered a Preliminary Order of Forfeiture. (Docket No. 359). One of the assets listed in the Preliminary Order was a 2006 Ford F150 Pickup Truck, VIN 1FTPW12506FB42088 ("the Truck"). (Id. at 2). The United States sent notice regarding the forfeiture of this asset, the Truck, by regular and certified mail-return receipt to Dalberg on October 6, 2011. On November 9, 2011, the Court issued an Order that directed the Clerk to file a document submitted by Dalberg entitled "Rights of Innocent Party Not Subject To Forfeiture" and dated November 1,

2011. (Docket Nos. 378 & 379)[1]. The November 9, 2011 Order also advised Dalberg that, within 15 days, she was to inform the Court if the document she submitted was not to be treated as a petition pursuant to 21 U.S.C. § 853(n)(2) & (3). (Docket No. 379, at 2-3). Dalberg did not respond and, on November 30, the Court entered an Order that, first, construed Dalberg's document as a petition asserting Dalberg's alleged legal interest in the Truck pursuant to 21 U.S.C. § 853(n)(2) & (3) and, second, directed the Clerk to file a redacted version of Dalberg's document. (Docket Nos. 397 & 398).

Dalberg's petition states that she is the mother of Defendant Christian M. Allmendinger ("the Defendant" or "Defendant Allmendinger") and that "Christian gave me a 2006 Ford F150 pickup truck, VIN 1FTPW12506FB42088; 4 years ago, as a gift." (Docket No. 398). Dalberg also states that she did not have knowledge that the Truck had been "derived from criminal activity" and that she would like to keep the Truck. Id.

---

[1] Previously, on April 28, 2011, the Court issued an Order that directed the Clerk to file a document from Dalberg dated April 21, 2011 and entitled "Rights of Innocent Party Not Subject To Forfeiture". (Docket Nos. 224 & 225). On May 12, 2011, the United States filed a motion to dismiss Dalberg's petition. (Docket No. 231). In the November 9, 2011 Order, the Court denied without prejudice Dalberg's document dated April 21, 2011 as premature "because the ancillary proceeding in a criminal forfeiture is the only forum for a claim by a third party, and that proceeding commences only upon entry of a preliminary order of forfeiture" which had not yet occurred when Dalberg's document was submitted. (Docket No. 379, at 1).

**DISCUSSION**

Dalberg is not entitled to keep the Truck, and her petition fails. First, the United States has proved that the Truck is a proceed of the A&O fraud scheme. The declaration of Special Agent John Norton ("Norton"), filed as Attachment 1 in support of the Government's Motion for Preliminary Order of Forfeiture on August 10, 2011, explains that the funds used to purchase the Truck can be traced directly to money Defendant Allmendinger obtained from A&O. (Docket No. 306-1). Norton states that the Truck was purchased on March 22, 2007 for $22,000 with a check drawn on Defendant Allmendinger's personal Encore Bank account. Within the two-week period before the purchase, two deposits of A&O funds in the amount of $867.50 each were made into Defendant Allmendinger's personal Encore Bank account. Also during this time, on March 5, 2007, $17,000 of A&O funds was transferred from an A&O account into the Defendant's personal Encore Bank account, and on March 19, 2007, $11,745 of A&O funds was transferred from an A&O account into the Defendant's personal Encore Bank account. (Norton Declaration, at 8). Thus, the Truck is a proceed of the A&O fraud scheme.

Second, Dalberg does not meet the statutory standard for relief under section 853(n)(6). Section 853(n)(6) protects two classes of property from forfeiture. First, section 853(n)(6)(A) protects petitioners who have "a legal right, title, or interest in the property, and such right, title, or interest renders the order

3

of forfeiture invalid . . . because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property . . . ." 21 U.S.C. § 853(n)(6)(A). Pursuant to 21 U.S.C. § 853(c), referred to as the "relation back" provision, title to property subject to forfeiture vests in the United States at the time of the act giving rise to forfeiture, so section 853(n)(6)(A) only protects a petitioner who acquires his or her interest in the property at issue before the commission of the offense. See United States v. McHan, 345 F.3d 262, 271 (4th Cir. 2003) (holding that the relation-back doctrine applies to both traceable proceeds and substitute assets and that it vests title in the United States on the date of the offense); United States v. Ivanchukov, 405 F. Supp. 2d 708, 712 (E.D. Va. 2005)(holding that "the Government's interest in substitute assets, like its interest in tainted assets, vests at the time the act giving rise to forfeiture is committed").

It is clear that Defendant Allmendinger purchased the Truck with A&O proceeds, so Dalberg could not have acquired her interest in the Truck before the commission of the offense. Therefore, she cannot prevail under section 853(n)(6)(A). See also United States v. Hooper, 229 F.3d 818, 820-23 (9th Cir. 2000) (stating that because proceeds do not exist before the commission of the

underlying offense, section 853(n)(6)(A) "is likely never to apply to proceeds of a crime" but that section is "far better designed to deal with instrumentalities of the crime," and that the temporal requirement in section 853(n)(6)(A), requiring the claimant to show that the property interest was vested at the time the acts giving rise to the forfeiture were committed, is the complement to sections 853(c) and 853(n)(6)(B) which prevent the defendant from transferring the forfeitable property to anyone other than a bona fide purchaser).

Section 853(n)(6)(B) does not apply to Dalberg. It requires a petitioner to prove: "(1) the claimant has a legal interest in the forfeited property; (2) the interest was acquired as a bona fide purchaser for value; and (3) the interest was acquired at a time when the claimant was reasonably without cause to believe that the property was subject to forfeiture." United States v. Timley, 507 F.3d 1125, 1130-31 (8th Cir. 2007). If the claimant is not a bona fide purchaser for value, it is unnecessary to decide whether the claimant was "reasonably without cause to believe that the property was subject to forfeiture." By her own admission, Dalberg is a donee, and that is fatal to her claim. As a donee, she cannot be a bona fide purchaser for value. "The criminal forfeiture provisions provide only two ways for third parties to establish their interest in forfeited property; and one of them is emphatically *not* that the criminal defendant gave the third party

5

a gift." United States v. Kennedy, 201 F.3d 1324, 1335 (11th Cir. 2000)(emphasis in original). See also In re Bryson, 406 F.3d 284, 291 (4th Cir. 2005) (family member who received promissory note as a gift was not a bona fide purchaser).

Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A), "[i]n the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true." Fed. R. Crim P. 32.2(c)(1)(A). Thus, assuming the facts alleged in Dalberg's petition to be true - that the Truck was a gift to her from Defendant Allmendinger - the petition fails to set forth grounds upon which Dalberg could prevail, and her claim must be dismissed. "Where a party seeking relief pursuant to § 853(n)(6) fails to allege all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without a hearing." United States v. Perkins, 382 F. Supp. 2d 146, 149-50 (D. Me. 2005).

**CONCLUSION**

Dalberg's admission that the Truck was a gift from Defendant Allmendinger to her, coupled with the uncontroverted evidence that it is a proceed of the A&O fraud, requires the Court to dismiss the ancillary petition. Accordingly, the GOVERNMENT'S MOTION TO DISMISS THE ANCILLARY CLAIM OF DIANA DALBERG (Docket No. 410) will

6

be granted.

It is so ORDERED.


Richmond, Virginia                          /s/    REP
Date: March 20, 2012      Robert E. Payne
                          Senior United States District Judge

7