IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:10CR248

CHRISTIAN M. ALLMENDINGER,

    Petitioner.

## MEMORANDUM OPINION

The matter is before the Court on the United States Court of
Appeals for the Fourth Circuit's remand of the 28 U.S.C. § 2255
motion filed by Christian M. Allmendinger.  By Memorandum Orders
entered on September 18, 2018 and December 18, 2018, the Court
directed the parties to file further briefing on the appropriate
next steps for this proceeding on remand and on which counts should
be vacated.  The parties have complied with that directive.  For
the reasons that follow, the Court will grant the § 2255 motion in
part, vacate Allmendinger's convictions on the money laundering
counts (Counts Eight, Nine, and Eleven), and will set the matter
for a resentencing.

## I.    PROCEDURAL HISTORY

A jury convicted Allmendinger of one count of mail fraud
conspiracy (Count One); two counts of mail fraud (Counts Two and
Three); one count of conspiracy to commit money laundering (Count
Eight); two counts of money laundering (Counts Nine and Eleven);

and one count of securities fraud (Count Fifteen). (ECF No. 207, at 1-3.) On November 9, 2011, the Court entered judgment against Allmendinger and sentenced him to 540 months of imprisonment. (Judgement 3, ECF No. 384.) Allmendinger appealed. The United States Court of Appeals for the Fourth Circuit affirmed Allmendinger's convictions and sentence. United States v. Allmendinger, 706 F.3d 330, 344 (4th Cir. 2013). The Supreme Court of the United States subsequently denied Allmendinger's petition for a writ of certiorari. Allmendinger v. United States, 133 S. Ct. 2747 (2013).

Allmendinger then filed a motion pursuant to 28 U.S.C. § 2255. In that motion, Allmendinger demanded relief because:[1]

Claim One: "Counsel was ineffective in relying on an invalid defense instead of recommending that Petitioner accept the plea agreement offer of ten years." (§ 2255 Mot. 5.)

Claim Two: "Petitioner was denied the effective assistance of counsel on appeal." (Id. at 13.)

Claim Three: "Counsel failed to preserve for de novo review the issue that petitioner's money laundering convictions are barred by the 'merger problem.'" (Id. at 18.)

Claim Four: "Counsel had a conflict of interest, as co-counsel had applied for employment with the Department of Justice at the time of petitioner's trial." (Id. at 19.)

---

[1] The Court corrects the capitalization and omits the emphasis in the quotations from Allmendinger's submissions.

By Memorandum Opinion and Order entered on February 1, 2017, the Court denied Allmendinger's motion and denied a certificate of appealability. United States v. Allmendinger, No. 3:10CR248, 2017 WL 455553, *1-18 (E.D. Va. Feb. 1, 2017). The Fourth Circuit, granted a certificate of appealability solely "on the question of 'whether Allmendinger's appellate counsel rendered ineffective assistance in failing to present an argument premised on the merger problem[2] articulated in United States v. Santos, 553 U.S. 507 (2008).'" United States v. Allmendinger, 894 F.3d 121, 126 (4th Cir. 2018). Thus, only Claim Two here was before the Fourth Circuit. The Fourth Circuit vacated the judgment of this Court and remanded the action. Id. at 131.

## II. THE REMEDY ON REMAND

### A. The Fourth Circuit's Guidance

The Fourth Circuit found that appellate counsel was ineffective for failing to raise the "merger problem" on appeal. Specifically, it explained:

> Because the merger consisted a 'clearly stronger' argument than the issues raised on direct appeal, and because appellate counsel does not identify any true

---

[2] A merger problem occurs "when the illegal activity includes money transactions to pay for the costs of the illegal activity [and] the government uses those transactions also to prosecute the defendant for money laundering. An individual cannot be convicted of money laundering for paying the 'essential expenses of operating' the underlying crime." United States v. Halstead, 634 F.3d 270, 279 (4th Cir. 2011) (quoting United States v. Santos, 553 U.S. 507, 528 (2008) (Stevens, J., concurring)).

strategic rationale for failing to raise merger, we hold
that appellate counsel's performance was deficient.
. . . .
As previously explained, had appellate counsel
raised the merger problem on appeal, we likely would
have reversed the money laundering convictions. See
Abdulwahab, 715 F.3d at 529-32, 535. Allmendinger has
established prejudice from his appellate counsel's
deficient performance.
. . . .
For the foregoing reasons, Allemdinger's appellate
counsel provided constitutionally ineffective
representation. We vacate the district court's contrary
order and remand for further proceedings consistent with
this opinion.

Id. at 130-31 (footnote omitted).

B.    **Which Counts Should Be Vacated?**

In the briefing after remand, Allmendinger said that he had

"requested the Fourth Circuit to grant an out-of-time appeal, or

in the alternative, to vacate the sentences in Counts 8, 9, and 11

and issue judgments of acquittal for those counts." (ECF No. 552,

at 1-2.) Allmendinger "contend[ed] that Counts 9, 11, and 8 should

be reversed." (ECF No. 554, at 4.)[3] The Fourth Circuit, of course,

did not do that. In the previous Memorandum Opinion addressing

Allmendinger's § 2255 Motion, the Court characterized

Allmendinger's claims as follows: In Claim Two, Allmendinger

argued that appellate counsel was ineffective for "fail[ing] to

raise the issue that [Allmendinger's] money laundering convictions

---

[3] Allmendinger uses arabic numbers to specify the counts. The
pleadings actually use words to number the counts. Except where
Allmendinger's papers are quoted, the Memorandum Opinion uses
words for the numbering of the counts.

4

[for Counts Nine and Eleven] are barred by the [so-called] 'merger problem.'" Allmendinger, 2017 WL 455553, *13 (alterations in original) (quoting (§ 2255 Mot. 13).)

However, from the Court's review of the parties' briefing on remand, it was unclear exactly which convictions involving money laundering the parties believed should be vacated because of the Fourth Circuit's opinion. Allmendinger suggested that both the substantive money laundering convictions (Counts Nine and Eleven) and the conspiracy to commit money laundering conviction (Count Eight) should be vacated due to the merger problem. Allmendinger, however, advanced neither legal support nor cogent argument to support that contention. The Government was silent on whether Count Eight should also be vacated.

Accordingly, by Memorandum Order entered on December 18, 2018, the Court directed further briefing on which counts of conviction should be vacated.[4] The parties have complied with that directive. Allmendinger suggests that this "Court should not vacate individual counts, but rather it should vacate the entire judgment then reinstate it so that the appeal period may run anew."

---

[4] The Court noted that, Allmendinger's failure to advance any argument or legal support for his contention that the conspiracy count should be vacated, was "problematic, considering that the Fourth Circuit held that [Allmendinger's co-conspirator's] conspiracy to commit money laundering charge was not subject to reversal under the plain error standard of review under the merger doctrine." (ECF No. 555, at 1-2.)

(Mem. 2, ECF No. 559 (citation omitted).) Allendinger cites no persuasive authority for that position. However, as explained in the following section, the Court will not vacate the entire judgment. In response, the Government concedes "[u]pon further consideration and in an abundance of caution, the United States asks that the Court vacate all three money laundering counts and resentence the defendant on the remaining counts. (Gov't's Resp. 1, ECF No. 561.) The Government further explains that it "has reviewed the record and is not confident of the existence of a financial transaction that would provide a basis for Count 8 for Allmendinger, other than the payments to sales agents that merge with the fraud." (Id. at 3.) Because of the Government's concession, the Court will vacate the convictions for the substantive money laundering counts, Count Nine and Eleven, and the conviction for conspiracy to commit money laundering, Count Eight.

### C. The Appropriate Remedy

As relief for Claim Two, Allmendinger asserted that "he is entitled to an out-of-time appeal." (§ 2255 Mot. 17.) Allmendinger also advanced that same argument before the Fourth Circuit, and the Fourth Circuit clearly did not provide Allmendinger that relief. Allmendinger continues to advance that argument here, and "requests that the District Court grant leave to file an out of time appeal by vacating and reinstating the

6

criminal judgment to trigger running of a new period to appeal."
(ECF No. 552, at 3.) However, Allmendinger has provided no legal
authority suggesting that is the appropriate remedy under the
circumstances of this case. And, because Allmendinger was not
denied the right to appeal his criminal convictions and sentence
in the first instance, a second appeal is neither permitted nor
necessary. As discussed below, the appropriate remedy is to grant
the § 2255 motion in part, vacate Allmendinger's convictions and
sentences for the money laundering counts (Counts Nine and Eleven)
and the conspiracy to commit money laundering count (Count Eight),
and then to conduct a resentencing on Allmendinger's remaining
convictions.

    As pertinent here, the Fourth Circuit has observed that:

> [I]f the prisoner's sentence (and, depending on the
> scope of the prisoner's challenge, perhaps one or more
> of his convictions as well) is set aside, the district
> court "shall" grant the prisoner an "appropriate"
> remedy. 28 U.S.C.A. § 2255. While "[t]he § 2255 remedy
> is broad and flexible, and entrusts to the courts the
> power to fashion the appropriate remedy," . . . § 2255
> lists the four remedies that are appropriate:   (1)
> "discharge the prisoner," (2) grant [the prisoner] a new
> trial," (3) "resentence [the prisoner]," or (4) "correct
> the [prisoner's] sentence."   28 U.S.C. § 2255.
> Accordingly, the end result of a successful § 2255
> proceeding must be the vacatur of the prisoner's
> unlawful sentence (and perhaps one or more of his
> convictions) and one of the following:  (1) the
> prisoner's release, (2) the grant of a future new trial
> to the prisoner, (3) or a new sentence, be it imposed by
> (a) a resentencing or (b) a corrected sentence.

United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007) (alterations in original) (some internal citations omitted) (footnote omitted) (citing 28 U.S.C. § 2255).

Considering the record and the Government's position, the appropriate remedy is to vacate Counts Eight, Nine, and Eleven and the corresponding sentences. This remedy meets "the goal of § 2255 review" by placing Allmendinger "in exactly the same position he would have been had there been no error in the first instance." Id. at 665; see Abdulwahab, 715 F.3d at 532 (vacating Abdulwahab's money laundering convictions and remanding for a resentencing).[5]

---

[5] As noted above in Part I, Allmendinger was sentenced to a total of 540 months of imprisonment. (J. 3.) That term "consist[ed] of eighty (80) months on each of Counts 1, 2, 3, 8, 9, and 11 and sixty (60) months on Count 15, all to run consecutively to each other." (Id. (capitalization corrected).) "In the case of multiple counts of conviction, the guidelines instruct that if the total punishment mandated by the guidelines exceeds the highest statutory maximum, the district court [should] impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment." United States v. White, 238 F.3d 537, 543 (4th Cir. 2001). "Total punishment" is defined as "the point within the guidelines range designated by the district court as the appropriate term of imprisonment." United States v. Chase, 296 F.3d 247, 251 (4th Cir. 2002). Allmendinger's Sentencing Guidelines range called for life imprisonment. (Pre-Sentence Investigation Report, Wksht. D, at 1.) However, the Court found that a life sentence was "harsher than is necessary in order to achieve the objectives of the sentencing," (Sept. 27, 211 Tr. 270), and imposed the sentence of 540 months (Sept. 27, 2011 Tr. 274). Therefore, because Allmendinger's total punishment of 540 months exceeded the highest applicable statutory maximum of 240 months, it was necessary and appropriate to impose consecutive terms of imprisonment to reach the total term of imprisonment that was imposed (540 months).

### III. CONCLUSION

For the foregoing reasons, the Court will grant Allmendinger's § 2255 Motion (ECF No. 491) in part; will vacate Allmendinger's convictions and sentences for Counts Eight, Nine, and Eleven; and set the matter for a resentencing on the remaining counts of conviction.

The Clerk is directed to send a copy of the Memorandum Opinion to counsel of record.

It is so ORDERED.

_____ /s/ _REP_____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 8, 2019